ZUCKER STEINBERG
SONSTEIN & WIXTED, PA
415 Federal Street
Camden, NJ 08103
(856) 365-0080
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OBIE CARMICHAEL, | : Civil Action No.: |
| Plaintiff, | |
| v. | |
| CITY OF CAMDEN; CAMDEN COUNTY; CAMDEN COUNTY PROSECUTOR'S OFFICE; STATE OF NEW JERSEY; STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL; POLICE OFFICER KEVIN PARRY; POLICE OFFICER ROBERT BAYARD; POLICE OFFICER ANTONIO FIGUEROA; POLICE OFFICER JASON STETSER; POLICE OFFICER DANIEL MORRIS; STATE OF NEW JERSEY DEPARTMENT OF THE TREASURY JOHN DOES (1-10), all individually and in their official capacities as police officers, i/j/s/a, | |
| Defendant(s). | **PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

The plaintiff, Obie Carmichael, sets forth above by way of Complaint against the defendants say:

1. Plaintiff, Obie Carmichael, resides at 2603 West Cecil B. Moore Avenue, Philadelphia County, Commonwealth of Pennsylvania 19121.

2. Defendant, City of Camden (hereinafter Camden), was, and continues to be, a domestic municipal corporation duly organized and existing under, and by virtue of the laws of the State of New Jersey which supervises, controls, manages, and/or is responsible for the action of the law enforcement officers of the City of Camden with its principal place of business located at City Hall, Room 105, Sixth and Market Streets, Camden, NJ 08101.

3. At all times relevant to this Complaint, defendant, Camden, acted by and through its duly authorized officials, agents, employees, and representatives, who at all times relevant to this action acted within the scope of their employment. Defendant, Camden, therefore is responsible for the actions of each of the other defendants named in this Complaint, under the doctrines of common law agency and *respondeat superior*. The actions of each of the other defendants named in this Complaint, therefore, are imputed to defendant Camden.

4. Defendant, Camden County, was, and continues to be, a public entity duly organized and existing under, and by virtue if the laws of the State of New Jersey, which controls, manages and/or is responsible for the actions of the Camden County Prosecutor's Office and that entities' employees, with its principal place of business located at 520 Market Street, Camden, NJ 08101.

5. At all times relevant to this Complaint, defendant, Camden County, acted by and through its duly authorized officials, agents, employees, and representatives, who, at all times relevant to this action, acted within the scope of their employment. Defendant, Camden County, therefore is responsible for the actions of each of the other defendants named in this Complaint, under the doctrines of common law agency and *respondeat superior*. The actions

of each of the other defendants named in this Complaint therefore are imputed to defendant Camden County.

5. Defendant, Camden County Prosecutor's Office (hereinafter CCPO), was, and continues to be, a public entity duly organized and existing under, and by virtue if the laws of the State of New Jersey, and is the chief law enforcement agency of defendant, Camden County. Defendant, CCPO, is responsible for the detection, arrest, indictment, and conviction of offenders against the laws of the State of New Jersey and at times relevant to this cause of action it supervised, controlled, managed and/or was responsible for the action of the Camden City Police Department and that entities' employees/police officers, with its principal place of business located at 25 North 5th Street, Camden, NJ 08102-1231.

6. At all times relevant to this Complaint, defendant, CCPO, acted by and through its duly authorized officials, agents, employees, and representatives, who at all times relevant to this action acted within the scope of their employment. Defendant, CCPO, therefore is responsible for the actions of each of the other defendants named in this Complaint, under the doctrines of common law agency and *respondeat superior*. The actions of each of the other defendants named in this Complaint therefore are imputed to defendant, CCPO.

7. Defendant, State of New Jersey Office of the Attorney General (hereinafter NJAG), was, and continues to be, a public entity duly organized and existing under, and by virtue if the laws of the State of New Jersey, and is the chief law enforcement agency of the State of New Jersey. Defendant, NJAG, is responsible for the detection, arrest, indictment, and conviction of offenders against the laws of the state and at times relevant to this cause of action it supervised, controlled, managed and/or was responsible for the actions of the Camden

Department of Law and Public Safety and that entities employees/police officers with its principle place of business located at P.O. Box 080, Trenton, NJ 08625-0080.

8. At all times relevant to this Complaint, defendant, NJAG, acted by and through its duly authorized officials, agents, employees, and representatives, who at all times relevant to this action acted within the scope of their employment. Defendant, NJAG, therefore is responsible for the actions of each of the other defendants named in this Complaint, under the doctrines of common law agency and *respondeat superior*. The actions of each of the other defendants named in this Complaint therefore are imputed to defendant, NJAG.

9. The State of New Jersey (hereinafter SNJ), is named as a defendant in that SNJ through its duly constituted officials was at all times responsible for the implementation and enforcement of laws of the SNJ.

10. Defendants, Police Officers Kevin Parry, (hereinafter "Parry"); Robert Bayard, (hereinafter "Bayard"); Antonio Figueroa, (hereinafter "Figueroa"), Jason Stetser, (hereinafter "Stetser"); Daniel Morris, (hereinafter "Morris"); and John Does (1-10), were at all times relevant hereto police officers or law enforcement officers acting under the supervision of, and under the direction of defendant, Camden and/or Camden County and/or CCPO and/or NJDA and/or SNJ.

11. At all times relevant hereto, defendants Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), were acting under color of law and authority as police officers.

12. Defendants, John Does (1-10), are fictitious names used to designate as of yet unknown or unidentified parties to this action who are either police officers, and/or employees of defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, acting

within the scope of his/her employment, and with the full authority and authorization of defendant, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ.

13. At all times relevant to this Complaint, each of defendants, John Doe (1-10), was acting under color of his/her official right and state law as a police officer. Defendants, John Does (1-10), are sued individually and in their official capacities.

## JURISDICTION AND VENUE

14. This action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C. sec. 1983. Plaintiff was deprived of the rights secured to him under the Constitution and the laws of the United States, including but not limited to, his right to be secure in his person and property and to be free from unlawful arrests and seizures, and from freedom of arrest and imprisonment when no probable cause exists. He was likewise falsely and maliciously charged/prosecuted and falsely and maliciously imprisoned without cause or justification.

15. The Court has supplemental jurisdiction over plaintiff's State law claims pursuant to 28 U.S.C. sec. 1367, including, but not limited to violations of his New Jersey State Constitutional rights against defendants, false arrest, false imprisonment, malicious prosecution, abuse of process and theft. These claims are related to the claims within the Court's original jurisdiction that they and said claims form part of the same case or controversy under article 3 of the United States Constitution.

## GENERAL ALLEGATIONS

15. During a period of time from at the latest, December 1, 2006 through October 31, 2009, defendants Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), were police officers of defendant, Camden.

16. During that period time, defendants Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), either by themselves, or with others whose identities have yet to be ascertained, conspired and/or otherwise wrongfully entered into an agreement to falsely arrest, imprison, criminally charge, violated the civil rights of, cause the prosecution of, steal the property of, and/or otherwise violate the rights of the plaintiff as secured by the statutory and common law of the state of New Jersey, the constitutions of the United States and the State of New Jersey and/or Federal statutory law (hereinafter the conspiracy).

17. As part of the conspiracy, the defendants, Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), committed in various illegal, perjurious, malicious, willful and wanton and other improper acts including but not limited to the following:

   a. Planting contraband and other illegal items on individuals;

   b. Threatening individuals with prosecution and/or planting evidence on them if they did not give them information as to the criminal activities of others;

   c. Making false statements in police reports concerning the alleged criminal activities of such individuals;

   d. Filing criminal complaints charging individuals with criminal offenses knowing that such individuals had not committed any criminal act;

   e. Committing perjury in the criminal proceedings against such individuals;

    f.    Causing the false arrest and imprisonment of such individuals;

    g.    Wrongfully confiscating currency and/or other property of many of such individuals ultimately leading to the forfeiture of that property; and

    h.    Wrongfully participating the unlawful and malicious prosecution of such individuals.

18. As early as January of 2008, persons in supervisory capacities of the defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, had actual knowledge of the conspiratorial acts of the defendants as set forth in paragraph 16 above.

19. Alternatively, the defendants set forth in paragraph 17 above had constructive knowledge of the conspiratorial acts of the defendants as set forth in paragraph 16 above.

20. Despite such knowledge, the defendant set forth in paragraph 17 above permitted defendants, Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), to continue in their capacity as police officers and to continue in the conspiratorial acts as set forth in paragraph 16 above.

21. On information and belief, at or about the end of 2005, defendant, SNJ, by duly authorized law, assumed responsibility for oversight for control and/or management of the Police Department of defendant, Camden.

22. Pursuant to the authority set forth in paragraph 20 above, SNJ directed or otherwise appointed the defendants, NJAG and/or CCPO, to administer the duties required of SNJ as set forth in paragraph 20 above.

23. At all times hereinafter relevant and at the very least no later than January of 2008, complaints concerning the conspiratorial acts of defendants Parry, Stetser, Figueroa, Bayard, Morris and John Doe (1-10), were made to the Internal Affairs Department of the Police Department of defendant, Camden, and to defendant, CCPO and/or NJAG and/or SNJ.

24. Despite actual knowledge or constructive knowledge of the conspiratorial acts of defendants Parry, Stetser, Figueroa, Bayard, Morris and John Doe (1-10), as set forth in paragraph 22 above, defendants Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, permitted defendants Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), to continue in their capacity as police officers, thereby committing them to continue the illegal and conspiratorial acts in which they were engaged.

25. On information and belief, the plaintiffs allege that an investigation was conducted by members of various law enforcement agencies comprised of local, county, state and federal departments into the activities of defendants, Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10).

26. Based on the allegations in paragraph 24 above, defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, knew or should have known that by permitting defendants Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), to continue in their capacity as police officers, those set officers would continue to violate the rights of the citizens of and visitors to Camden, including the plaintiff, as set forth in paragraph 16 above.

27. Based on the allegations in paragraph 24 above, defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, knew or should have known that by permitting defendants Parry, Stetser, Figueroa, Bayard, Morris and John Does (1-10), to continue in their capacity as police officers, they would testify falsely in ongoing criminal prosecutions against persons including the plaintiff.

28. Based on the allegations in paragraph 24 above, defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, knew or should have known that any prosecution

of persons including the plaintiffs were improper, unlawful, tainted and therefore violated the rights of the citizens of Camden County including the plaintiff.

29. The defendants as aforesaid further knew or should have known that property of many individuals would be unlawfully seized and forfeited.

30. As a result of the allegations set forth in paragraphs 14 through 28 above, plaintiff was wrongfully and unlawfully convicted of crimes and offenses.

31. As a further result of the allegations set forth in paragraphs 14 through 28 above, plaintiff was wrongfully and unlawfully incarcerated until the conviction was vacated by the Superior Court of New Jersey.

32. Plaintiff remained incarcerated even after the entry of the orders vacating conviction and directing release.

33. The factual basis for plaintiff's claims are attached hereto as Exhibit "A."

## COUNT 1

### 42 U.S.C. 1983 False Arrest/Imprisonment

34. Plaintiff repeats the foregoing 32 paragraphs as if the same were set forth at length herein.

35. Plaintiff did not commit the crimes charged and were caused by the illegal arrest to be detained and incarcerated without probable cause in violation of his civil rights.

36. At all times relevant to this cause of action, defendants Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, controlled, managed and/or were responsible for the operations of the Camden City Police Department and its employees/police officers including defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10).

37. The aforesaid actions of defendants aforesaid violated the constitutional rights of plaintiff in that he was illegally arrested, searched, seized, detained, and incarcerated without probable cause in contravention to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1, paragraph 7 of the New Jersey Constitution and 42 U.S.C. sec. 1983.

WHEREFORE, plaintiff demands judgment against all defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees pursuant to 42 U.S.C. sec. 1988 (b), costs of suit, and any other such relief that the court may deem just and equitable.

### COUNT 2

### 42 U.S.C. 1983 Malicious Prosecution

38. Plaintiff repeats the foregoing 37 paragraphs as if the same were set forth at length herein.

39. Criminal proceedings resulting in incarceration was instituted against plaintiff.

40. Defendants were responsible for, caused, and/or acquiesced in the filing of the criminal complaints against the plaintiff.

41. There was no probable cause for the arrest of plaintiff and therefore no probable cause to institute the criminal complaint against plaintiff.

42. The institution and/or prosecution of the criminal complaints by the defendants was conducted with malice, lack of justification and/or improper purpose.

43. The outcome of the criminal prosecution was favorable to the plaintiff.

44. Plaintiff suffered and incurred damages including but not limited to loss of liberty, loss of opportunity to pursue an occupation or livelihood, the stigma of criminal conviction and disabilities resulting from criminal conviction.

45. The aforesaid actions of defendants' constitute malicious prosecution under New Jersey State Law and further violated the constitutional rights of plaintiff in that he was wrongfully prosecuted and convicted in contravention to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1, paragraph 7 of the New Jersey Constitution and 42 U.S.C. sec. 1983 and the laws of the State of New Jersey.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees pursuant to 42 U.S.C. sec. 1988 (b), costs of suit, and any other such relief that the court may deem just and equitable.

## COUNT 4

### 42 U.S.C. 1985 Conspiracy to Violate Civil Rights

46. The plaintiff repeats the foregoing 45 paragraphs as if the same were set forth at length herein.

47. Defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), conspired with each other to violate plaintiff's civil rights in contravention of 42 U.S.C. sec. 1985.

48. The objects of the conspiracy included the pattern of falsely accusing persons of criminal activities; planting evidence on persons; threatening persons with planting contraband on them unless those persons gave information as to subjects whom the conspirators sought; unlawfully confiscating money or property; falsely instituting criminal prosecutions; falsifying police reports; giving perjured testimony in criminal proceedings and other similar unlawful acts.

49. The conspiracy began in or about 2006 and extended to in or about November 2009.

50. The false arrest, malicious prosecution, planting of evidence, giving false testimony, creating false police reports and unlawful confiscation of property by the named officers against the plaintiff were objects of, or acts in furtherance of, the conspiracy.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees pursuant to 42 U.S.C. sec. 1988 (b), costs of suit, and any other such relief that the Court may deem just and equitable.

## COUNT 5

### 42 U.S.C. 1983 Monell Claim – Custom and Practice

51. The above 50 paragraphs are repeated and incorporated herein by reference as if set forth in full.

52. At all times relevant to this Complaint, defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, were aware of, condoned, encouraged, and failed to deter or to stop, the above-described pattern, history and custom of defendants, Parry, Bayard, Figueroa, Stetser, Morris, and John Does (1-10), violating the civil rights of individuals within the boundaries of defendant, Camden.

53. Defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, through its agents/employees, John Does (1-10), intentionally, recklessly and/or negligently as a matter of policy and practice, failed to properly supervise, discipline, train, or otherwise sanction police officers/sergeants/lieutenants who violated the rights of individuals, including the rights of plaintiff, thus encouraging, acquiescing the defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), to engage in the unlawful and actionable conduct

12

described above. Defendants had an official custom of deliberate indifference that caused the constitutional violations.

54. Defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, as a further matter of public policy and practice failed to properly train its police officers, including defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), with respect to the constitutional, statutory and departmental limits of their authority.

55. At all times herein mentioned, defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), were acting as the agents, servants, and/or employees of the defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, and, therefore, their acts are attributable to each defendant.

56. Defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, were on actual notice of the need to train, supervise, discipline or terminate its defendant officers prior to the incident in question as other similar incidents may have occurred in the past.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees pursuant to 42 U.S.C. sec. 1988 (b), costs of suit, and any other such relief that the Court may deem just and equitable.

## COUNT 6

### State Law – Common Law Negligent Failure to Train, Supervise, Discipline, or Assign Law Enforcement Officers

57. The above 56 paragraphs are repeated and incorporated herein by reference as if set forth in full.

58. At all times relevant to this Complaint, defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, were aware of, condoned, encouraged, and failed to deter or to stop, the above-described pattern, history and custom of defendants Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), violating the civil rights of citizens within the boundaries of defendant, Camden.

59. Defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, through its agents/employees, John Does (1-10), negligently failed to properly supervise, discipline, train, or otherwise sanction police officers/sergeants/lieutenants who violated the rights of citizens, including the rights of plaintiff, thus encouraging, acquiescing the defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), to engage in the unlawful and actionable conduct described above. Defendants had an official custom of deliberate indifference that caused the constitutional violations.

60. Defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, as a further matter of public policy and practice failed to properly train its police officers, including defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), with respect to the constitutional, statutory and departmental limits of their authority.

61. At all times herein mentioned, defendants Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), were acting as the agents, servants, and/or employees of the defendant, Camden, which was under the supervision, management or control of defendants, Camden County and/or CCPO and/or NJAG and/or SNJ, and therefore their acts are attributable to each defendant.

62. Defendants, Camden and/or Camden County and/or CCPO and/or NJAG and/or SNJ, had actual or constructive notice of the need to train, supervise, discipline or terminate its defendant officers prior to the incident in question.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees, costs of suit, and any other such relief that the court may deem just and equitable.

## COUNT 7

### State Law – Common Law False Arrest and Imprisonment

63. The above 62 paragraphs are repeated and incorporated herein by reference as if set forth in full.

64. All actions of defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), in arresting, searching, seizing, detaining, incarcerating and prosecuting plaintiff were carried out unlawfully, intentionally, and maliciously, without just or probable cause. Such actions constitute false arrest and false imprisonment.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees pursuant costs of suit, and any other such relief that the court may deem just and equitable.

## COUNT 8

### State Law – Common Law Malicious Prosecution

65. The above 64 paragraphs are repeated and incorporated herein by reference as if set forth in full.

66. The above-described actions by each defendant named in this Complaint were done maliciously (including with a lack of belief by each defendant named herein in the propriety of the prosecution of the plaintiff) and for an extraneous improper purpose other than appropriate law enforcement and prosecution. Such other purposes have been set forth above in this Complaint.

67. The aforesaid actions of defendants were without probable cause.

68. The defendants as aforesaid instituting criminal prosecution against the plaintiff.

69. The criminal proceedings were terminated favorably to plaintiff.

70. Plaintiff incurred damages including wrongful conviction, incarceration and that the disabilities associated with both.

71. The actions of the defendants therefore constitute malicious prosecution and violated the rights of plaintiff under the laws of the State of New Jersey.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees, costs of suit, and any other such relief that the court may deem just and equitable.

## COUNT 9

### State Law – Common Law Intention Infliction of Emotional Distress

72. The above 71 paragraphs are repeated and incorporated herein by reference as if set forth in full.

73. Defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), acted maliciously, wantonly and heinously and they thereby intentionally inflicted emotional distress on plaintiff.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees, costs of suit, and any other such relief that the court may deem just and equitable.

## COUNT 10

### State Law – Common Law Negligent Infliction of Emotional Distress

74. The above 73 paragraphs are repeated and incorporated herein by reference as if set forth in full.

75. By the aforesaid actions of defendants, Parry, Bayard, Figueroa, Stetser, Morris and John Does (1-10), they negligently inflicted emotional distress on plaintiff.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for compensatory damages, punitive damages, interest, attorney fees, costs of suit, and any other such relief that the court may deem just and equitable.

## COUNT 11

### State Law - Statutory Wrongful Imprisonment

76. The above 75 paragraphs are repeated and incorporated herein by reference as if set forth in full.

77. N.J.S.A. 54:4C-1 et. seq. provides remedies for persons who have been wrongfully imprisoned.

78. Plaintiff was incarcerated as a result of his conviction.

79. Plaintiff did not commit the crime for which he was incarcerated.

80. Plaintiff did not cause his conviction.

17

81. The Department of the Treasury for the State of New Jersey is named as a defendant pursuant to the provisions of N.J.S.A. 54:4C-1 et. seq.

WHEREFORE, plaintiff demands judgment against defendant, Department of the Treasury for the State of New Jersey jointly, severally and/or in the alternative for such compensatory damages, attorney fees and costs permissible under N.J.S.A. 54:4C-1 et. seq.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

ZUCKER STEINBERG
SONSTEIN & WIXTED, PA

BY: *s/ Saul J. Steinberg, Esq.*
Attorneys for Plaintiff

Dated: 01/26/11

## CERTIFICATION PURSUANT TO CIVIL PRACTICE R: 5-1

Pursuant to the provisions of R:5-1, the undersigned attorney hereby certifies to the best of his knowledge information and belief that:

1. The matter in controversy is not the subject of any other proceeding;

2. There are no other actions or arbitration contemplated;

3. There are no other parties who should be joined in the matter in controversy.

I certify that the foregoing statements made by me are true and correct and to the best of my knowledge, information and belief.

                                                    ZUCKER STEINBERG
                                                    SONSTEIN & WIXTED, PA

                                                    BY:*s/ Saul J. Steinberg, Esq.*
                                                          Attorneys for Plaintiff

Dated: 01/26/11